IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| COALITION FOR AN AIRLINE PASSENGERS' BILL OF RIGHTS, a/k/a FLYERSRIGHTS.ORG and KATHLEEN HANNI, Individually | §<br>§<br>§<br>§<br>§<br>§ | |
| v. | §<br>§<br>§<br>§ | CIVIL ACTION NO. _____<br>(*JURY*) |
| DELTA AIR LINES, INC., and METRON AVIATION, INC. | §<br>§ | |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COALITION FOR AN AIRLINE PASSENGERS' BILL OF RIGHTS, a/k/a FLYERSRIGHTS.ORG, and KATHLEEN HANNI, Individually, (sometimes referred to as "Plaintiffs"), bring this lawsuit complaining of DELTA AIR LINES, INC. and METRON AVIATION, INC. (sometimes referred to as "Defendants"), and would respectfully show the following:

**I.**
**PARTIES**

1.    Plaintiff COALITION FOR AN AIRLINE PASSENGERS' BILL OF RIGHTS, a/k/a FLYERSRIGHTS.ORG is a registered non-profit organization with its principal place of business in Napa, Napa County, California.

2.    Plaintiff KATHLEEN HANNI is a resident of Napa, Napa County, California.

3.      Defendant, DELTA AIR LINES, INC., is a foreign corporation organized and existing under the laws of the State of Delaware and with its principal office in Atlanta, Georgia. Defendant may be served with citation by serving its registered agent for service of process in Texas: Corporation Service Company, 701 Brazos Street, Suite 1050, Austin, TX 78701.

4.      Defendant, METRON AVIATION, INC., is a foreign corporation organized and existing under the laws of the State of Virginia and with its principal office in Dulles, Virginia. Defendant does not maintain a regular place of business or a designated agent for service of process in Texas.  Defendant has sufficient contacts with Texas under the Texas Long-Arm Statute, and therefore may be served with process by serving the Texas Secretary of State, 1019 Brazos Street, Austin, Texas 78701.  Defendant's home office is: 45300 Catalina Court, Suite 101, Dulles, VA 20166.

## II.
## JURISDICTION

5.      This Court has jurisdiction over the lawsuit under 28 U.S.C. § 1332(a) because it involves a suit between citizens of different states, in which no Defendant is a citizen of the same state as Plaintiff.

## III.
## VENUE

6.      Venue is proper in this district under 28 U.S.C. § 1391(a)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

**IV.**
**FACTS**

7.      Kathleen Hanni ("Hanni"), executive director of the Coalition for an Airline Passengers' Bill of Rights, a/k/a Flyersrights.org, had her privacy invaded when her AOL e-mail account and personal files on her computer were hacked, copied and then corrupted.  Specifically, private e-mails and sensitive files were obtained by Delta Air Lines, Inc. ("Delta") and subsequently used to sabotage Flyersrights' efforts to pass the "Airline Passenger's Bill of Rights of 2009" through Congress.

8.      Hanni is the founder and executive director of Flyersrights, a non-profit organization dedicated to protecting the rights of airline passengers.  First established in January 2007, Flyersrights has been aggressively advocating for Congress to pass legislation that would require airlines to recognize airline passengers' rights during tarmac delays.  As a result of Hanni and the organization's efforts, there are currently four airline-passenger's-rights bills before Congress.

9.      California Congressman Mike Thompson and Senator Barbara Boxer currently have bills before Congress to establish the "Airline Passenger Bill of Rights of 2009."[1]  The bills would require airlines to provide food, water, access to restrooms, clean air and access to medical treatment during flight delays on the tarmac.

10.      More importantly, the bills would require airlines to provide passengers the option to deplane if they have been delayed on the tarmac for over three hours.  ***If the bills are passed, airlines stand to lose over $40,000,000.00 in lost revenues and millions more in accommodations for flyers deplaned during delays***.

_____

[1]  Exhibits "A" & "B," H.R. 624, "Airline Passenger Bill of Rights Act of 2009" & S. 213, "Airline Passenger Bill of Rights Act of 2009"

3

11.     Beginning in February 2009, Hanni exchanged information with Frederick J. Foreman, PhD ("Foreman"), an MIT graduate working for Metron Aviation, Inc. ("Metron"). Foreman was hired by the FAA to analyze airline surface delays.    During their correspondence, Foreman, with explicit permission from Metron, updated Hanni with public information and statistics from his research and analysis.   Hanni, in return, provided Foreman with data and information she acquired about surface delays.  In his final report, Foreman pinpoints Delta as an airline experiencing excessive surface delays.[2]

12.     During the time Hanni was sharing information with Foreman, Hanni's personal computer files and Flyersrights e-mail accounts were hacked.   America Online ("AOL"), Hanni's e-mail service provider, confirmed the e-mail accounts were hacked.  As a result of the hacking, spreadsheets, lists of donors, e-mails, Department of Transportation statistics and Hanni's personal files were redirected to an unknown location.  Additionally, all of the information on Hanni's personal laptop was corrupted and rendered useless.

13.     On September 25, 2009, Metron executives confronted Foreman with the stolen e-mails and claimed Delta, a client of Metron, was angry about Hanni getting information that would help pass the Airline Passenger Bill of Rights.[3]  Metron had the stolen e-mails and files from AOL and Hanni's personal computer in its possession.

---

[2]  Exhibit "C", Excessive Surface Delay Final Report

[3]  Exhibit "D", Affidavit of Frederick J. Foreman

4

14.     When Foreman asked Metron how Metron obtained the information, **Metron claimed that Delta had provided them with the stolen e-mails**.[4]  Confirming Metron's claims, the screenshots of the stolen e-mails presented to Foreman were from Delta. Foreman was fired by Metron the same day.

**V.**
**EXHIBITS**

15.     Plaintiffs attach and incorporate the following:

Exhibit A:          H.R. 624, "Airline Passenger Bill of Rights Act of 2009;"

Exhibit B:          S. 213, "Airline Passenger Bill of Rights Act of 2009;"

Exhibit C:          Excessive Surface Delay Final Report; and

Exhibit D:          Affidavit of Frederick J. Foreman, PhD.

**VI.**
**CONSPIRACY**

16.     Defendants conspired to accomplish an unlawful purpose or a lawful purposed by an unlawful means.  Defendants had a meeting of the minds in their course of action and one or all committed an unlawful, overt act to further the object or their course of action.

17.     Specifically, Delta conspired with Metron (or others) to obtain Plaintiffs' emails and computer files.  Delta then provided Metron with the illegally obtained emails and files from Plaintiffs' computer and AOL account.

18.     Defendants conspired to hack or obtain hacked information from Plaintiffs' computer and AOL account, *with the purpose of derailing the "Airline Passenger Bill of Rights of 2009."*  As a result, Plaintiffs suffered injury as a proximate cause of such wrongful acts.

---

[4] *Id.*

**VII.**
**INVASION OF PRIVACY**

19.     Defendants intentionally intruded upon Hanni's solitude, seclusion or private affairs

and concerns.  Defendants' intrusion would be highly offensive to a reasonable person and

was unwarranted and unjustified.

20.     Specifically, Delta hacked Hanni's computer and accessed Hanni's personal e-mail

and files without authorization.  Delta illegally obtained personal and private information that

they later gave to Metron.

21.     Defendants invaded Hanni's privacy, *with the purpose of derailing the "Airline*

*Passenger Bill of Rights of 2009."*  As a result, Plaintiffs suffered injury as a proximate

cause of such the intrusion.

**VIII.**
**DAMAGES**

22.     Plaintiffs respectfully request the following damages to be considered separately and

individually for the purpose of determining the sum of money that will fairly and reasonably

compensate Plaintiffs:

    a.      All compensatory and economic damages;

    b.      Mental anguish suffered by Hanni, for the past and future;

    c.      All reasonable expenses incurred by Plaintiffs, including court costs
            and reasonable and necessary attorney fees; and

    d.      Pre-judgment and post-judgment interest.

23.     Plaintiffs are requesting at least $1,000,000.00 in actual damages.

## IX.
## EXEMPLARY DAMAGES

24.    Defendants' malicious conduct, when viewed from the standpoint of the actor at the time of the occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others.  Furthermore, Defendants' conduct was willful, intentional and malicious.  Defendants' conduct illustrates not only an attitude of conscious indifference for the rights, safety and welfare of others, but also shows Defendants' actual and subjective awareness of the dangers of such conduct.

25.    Nevertheless, Defendants proceeded intentionally or with a conscious indifference to the rights, safety or welfare of others, including Plaintiffs.  Therefore, Defendants are liable for exemplary/punitive damages.  As punishment for Defendants' actions and to deter such actions in the future, Plaintiffs are requesting at least $10,000,000.00 in exemplary/punitive damages.

## X.
## CONDITIONS PRECEDENT

26.    All conditions precedent have been performed or have occurred as required by Federal Rule of Civil Procedure 9(c).

## XI.
## JURY DEMAND

27.    Plaintiffs assert their rights under the Seventh Amendment to the United States Constitution and demands, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

## XII.
## PRAYER

28.    For the above reasons, Plaintiffs pray they have judgment against Defendants, with

interest on the judgment at the legal rate, pre-judgment interest, costs of court and for such

other relief, both in law and equity, to which Plaintiffs may show themselves justly entitled.

Respectfully Submitted,

**THE GIBSON LAW FIRM**

_____

Jason A. Gibson
State Bar No. 24000606
The Lyric Centre
440 Louisiana, Suite 2050
Houston, Texas 77002
Ph: (713) 650-1010
Fax: (713) 650-1011

**ATTORNEY FOR PLAINTIFF**