IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| COALITION FOR AN AIRLINE PASSENGERS' BILL OF RIGHTS, a/k/a FLYERSRIGHTS.ORG and KATHLEEN HANNI, Individually | § § § § § | |
| v. | § § § | CIVIL ACTION NO. 4:09-cv-03305 (*JURY*) |
| DELTA AIR LINES, INC., and METRON AVIATION, INC. | § § § | |

## PLAINTIFFS' INITIAL DISCLOSURES

TO: Defendants, DELTA AIR LINES, INC. and METRON AVIATION through their attorneys of record, Fields Alexander, Beck, Redden & Secrest, L.L.P., 1221 McKinney, Suite 4500, Houston, Texas 77010 and Daniel Casteneda, Buckley, White, Casteneda & Howell, L.L.P., 2401 Fountainview, Suite 1000, Houston, Texas 77057.

Plaintiffs COALITION FOR AN AIRLINE PASSENGERS' BILL OF RIGHTS, a/k/a FLYERSRIGHTS.ORG and KATHLEEN HANNI, Individually, make these Initial Disclosures as required by Federal Rule of Civil Procedure 26(a)(1).

Respectfully Submitted,

THE GIBSON LAW FIRM

_____
Jason A. Gibson
State Bar No. 24000606
The Lyric Centre
440 Louisiana, Suite 2050
Houston, Texas 77002
Ph: (713) 650-1010
Fax: (713) 650-1011

**ATTORNEY FOR PLAINTIFFS**

## **CERTIFICATE OF SERVICE**

    I certify a copy of this document was served to all counsel of record via E-File on March 9, 2010.

_____
Jason A. Gibson

## INITIAL DISCLOSURES

(i)    The name and, if known, the address and telephone number of each individual likely to have discoverable information — along with the subjects of that information — that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.

**RESPONSE:**    Kathleen Hanni
c/o THE GIBSON LAW FIRM
440 Louisiana, Suite 2050
Houston, Texas 77002
(713) 650-1010
*Plaintiff*

Coalition for a Passengers' Bill of Rights a/k/a FlyersRights.org
c/o THE GIBSON LAW FIRM
440 Louisiana, Suite 2050
Houston, Texas 77002
(713) 650-1010
*Plaintiff*

Delta Air Lines, Inc.
c/o Fields Alexander
Beck, Redden & Secrest, L.L.P.
1221 McKinney, Suite 4500
Houston, Texas 77010
(713) 951-3700
*Defendant*

Metron Aviation, Inc.
c/o Daniel Casteneda
Buckley, White, Casteneda & Howell, L.L.P.
2401 Fountainview, Suite 1000
Houston, Texas 77057
(713) 789-7700
*Defendant*

Dr. Frederick Foreman
c/o Richard Beard
Allen, Harold & Beard, PLLC
9300 Forest Point Circle
Manassas, Virginia 20110
(703) 361-2278
*Former employee of Metron Aviation, Inc.*

Will supplement, if necessary.

3

(ii)     A copy — or a description by category and location — of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;

**RESPONSE:**     Documents in control of Plaintiffs will be made available for inspection and copying at THE GIBSON LAW FIRM, The Lyric Centre, 440 Louisiana, Suite 2050, Houston, Texas 77002. Plaintiff will make the documents available at a mutually convenient date and time.

(iii)     A computation of each category of damages claimed by the disclosing party — who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered

**RESPONSE:**     Actual damages include, but are not limited to, loss of fund-raising ability, damage to reputation due to loss of donor list, loss of electronically stored information, Hanni's loss of privacy and mental anguish. Plaintiffs' estimate actual damages in excess of $1,000,000.00.

    Punitive damages are based on the intentional intrusion into Hanni's solitude and Defendants' motive to harm Plaintiffs. Given the extreme nature of Defendants' acts, Plaintiff's estimate punitive damages to exceed $10,000,000.00.

(iv)     For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

**RESPONSE:**     Not applicable.